IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>DOCUSIGN, INC.<br><br>　　　Defendant. | CIVIL ACTION NO.<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

In this Complaint against DocuSign, Inc., Plaintiffs RPost Holdings, Inc. and RPost Communications Limited allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1.　　This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2.　　RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda. RPC is the owner of United States Patent No. 8,275,845 ("the '845 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also

1

the owner of United States Patent No. 8,161,104 ("the '104 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." The '845, '913, '389 and '104 patents were duly and legally issued by the United States Patent and Trademark Office on September 25, 2012; July 17, 2012; June 26, 2012; and April 17, 2012 respectively, after full and fair examination. The '845, '913, '389, and '104 patents are valid and enforceable. True and correct copies of the '845, '913, '389, and '104 patents are attached as Exhibits A-D respectively.

3. RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a business office 555 Republic Drive #200 Plano, Texas 75074. It is an exclusive licensee, from RPC, of the '845, '913, '389, and '104 patents.

4. On information and belief, Defendant DocuSign, Inc. is a Washington corporation having its principal place of business at 1301 2nd Avenue, Suite 2000, Seattle, Washington 98101. DocuSign provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. DocuSign has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

5. On information and belief, DocuSign is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, DocuSign resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief, DocuSign has appointed

Corporation Service Company, 300 Deschutes Way SW Suite 304, Tumwater, Washington 98501 as its agent for service of process.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent infringement).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b). On information and belief, DocuSign conducts business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

8. On information and belief, DocuSign is subject to this Court's general and specific personal jurisdiction because DocuSign has minimum contacts within the State of Texas and the Eastern District of Texas, including via the website www.docusign.com , under due process and/or the Texas Long Arm Statute, DocuSign has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; DocuSign regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from DocuSign's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

9. More specifically, DocuSign directly and/or through intermediaries make, offer for sale, sell, and/or advertise (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas. On information and belief, DocuSign has committed acts of infringement in the State of Texas and in the Eastern District of Texas. DocuSign solicits customers in the State of Texas and in the Eastern District of Texas. On information and belief, DocuSign has paying customers who are

residents of the State of Texas and the Eastern District of Texas and who use DocuSign's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,275,845

10. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

11. On information and belief, DocuSign has been and now is infringing the '845 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that record that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. DocuSign is thus liable for infringement of the '845 patent under 35 U.S.C. § 271.

12. On information and belief, DocuSign's infringement of the '845 patent has been and/or is willful.

13. As a result of DocuSign's infringement of the '845 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless DocuSign's infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining DocuSign and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with DocuSign from infringing the '845 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,224,913

15. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

16. On information and belief, DocuSign has been and now is infringing the '913 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. DocuSign is thus liable for infringement of the '913 patent under 35 U.S.C. § 271.

17. On information and belief, DocuSign's infringement of the '913 patent has been and/or is willful.

18. As a result of DocuSign's infringement of the '913 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless DocuSign's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining DocuSign and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with DocuSign from infringing the '913 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,209,389

20. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

21. On information and belief, DocuSign has been and now is infringing the '389 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that prove the transmission, receipt, and content of a reply to an electronic message, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. DocuSign is thus liable for infringement of the '389 patent under 35 U.S.C. § 271.

22. On information and belief, DocuSign's infringement of the '389 patent has been and/or is willful.

23. As a result of DocuSign's infringement of the '389 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless DocuSign's infringing activities are enjoined by this Court.

24. Unless a permanent injunction is issued enjoining DocuSign and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with DocuSign from infringing the '389 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,161,104

25. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

26. On information and belief, DocuSign has been and now is infringing the '104 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. DocuSign is thus liable for infringement of the '104 patent under 35 U.S.C. § 271.

27. On information and belief, DocuSign's infringement of the '104 patent has been and/or is willful.

28. As a result of DocuSign's infringement of the '104 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless DocuSign's infringing activities are enjoined by this Court.

29.     Unless a permanent injunction is issued enjoining DocuSign and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with DocuSign from infringing the '104 patent, Plaintiffs will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that DocuSign has infringed the '845, '913, '389, and '104 patents, and that such infringement has been and is willful;

2.     A permanent injunction enjoining DocuSign and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with DocuSign from infringing the '845, '913, '389, and '104 patents;

3.     A judgment and order requiring DocuSign to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for DocuSign's infringement of the '845, '913, '389, and '104 patents as provided under 35 U.S.C. § 284;

4.     An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of DocuSigns' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6.     Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs RPost Holdings, Inc. and RPost Communications Limited under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated:  October 25, 2012

By: /s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
State Bar No. 24068745
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@navarrohuff.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS
RPOST HOLDINGS, INC. and
RPOST COMMUNICATIONS LIMITED

## CERTIFICATE OF FILING

I certify that on October 25, 2012, I electronically filed the foregoing Original Complaint with the Clerk of the Court using the CM/ECF system.

/s/  Winston O. Huff