IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED | CIVIL ACTION NO. 2:12-cv-683-JRG |
| | Hon. Rodney Gilstrap |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| DOCUSIGN, INC.; | |
| AMERITRADE CORP., LLC; | |
| AMERITRADE, LLC; | |
| ARIBA, INC.; | |
| BNY MELLON RCC, LLC; | |
| CB RICHARDS ELLIS COMMERICAL | |
| LIMITED LLC; | |
| CENTURY 21 CORP.; | |
| CENTURY 21 GROUP INC.; | |
| CENTURY 21 FIN. SERVICES CORP.; | |
| CENTURY 21 REAL ESTATE LLC; | |
| CENTURY 21 REAL ESTATE SERVICES LLC; | |
| CENTURY LINK LLC; | |
| COLDWELL BANKER LLC; | |
| COLDWELL BANKER REAL ESTATE LLC; | |
| COLDWELL BANKER REAL ESTATE | |
| SERVICES LLC; | |
| COLDWELL BANKER RESIDENTIAL | |
| BROKERAGE LLC; | |
| COLDWELL BANKER RESIDENTIAL | |
| BROKERAGE, INC.; | |
| COMCAST CORPORATION; | |
| COMCAST CABLE COMMUNICATIONS, LLC; | |
| COMCAST CABLE COMMUNICATIONS, INC.; | |
| FIRST DATA CORP.; | |
| FIRST DATA LLC; | |
| FIRST DATA SERVICES LLC; | |
| LENDING TREE LLC; | |
| LENDING TREE HOLDING CORP.; | |
| LINCOLN FINANCIAL GROUP, LLC; | |
| OFFICE DEPOT, INC.; | |
| REMAX CORP.; | |
| RE/MAX LLC; and | |
| YUM BRANDS, INC.; | |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiffs RPost Holdings, Inc. and RPost Communications Limited (collectively "RPost") filed its Original Complaint on October 25, 2012.  As its responsive pleading, Defendant Docusign, Inc. filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on January 7, 2013.  Under Fed. R. Civ. P. 15(a)(1)(B), RPost may amend its pleading once as a matter of course after service of such a motion.  RPost exercises this right and this First Amended Complaint is timely.  Accordingly, RPost alleges, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1.     This action for patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2.     RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda.  RPC is the owner of United States Patent No. 8,275,845 ("the '845 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC  is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  RPC is also the owner of United States Patent No. 8,161,104 ("the '104 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  The '845, '913, '389 and '104 patents were duly and legally issued by the United States Patent and Trademark Office on September 25, 2012; July 17, 2012; June 26, 2012; and April 17, 2012 respectively, after full and

fair examination.  The '845, '913, '389, and '104 patents are valid and enforceable.  True and correct copies of the '845, '913, '389, and '104 patents are attached as Exhibits A-D respectively.

3.      Plaintiff RMail Limited ("RMail") is a corporation organized under the laws of the Nation of Bermuda.  It is the owner of United States Patent No. 6,182,219 ("the '219 patent").  The '219 patent, entitled "Apparatus and Method for Authenticating the Dispatch and Contents of Documents," is generally directed to novel apparatuses and methods for authenticating that a sender has electronically transmitted certain information via a dispatcher to a recipient.  The '219 was duly and legally issued by the PTO on January 30, 2001 after full and fair examination.  Subsequently, the '219 patent was the subject of an *ex parte* reexamination before the PTO.  On June 19, 2012, the PTO issued an *Ex Parte* Reexamination Certificate for the '219 patent confirming the validity of all of the claims.  The '219 patents is valid and enforceable.  True and correct copies of the '219 and the *Ex Parte* Reexamination Certificate are attached as Exhibits E and F respectively.

4.      RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a business office 555 Republic Drive #200 Plano, Texas 75074.  It is an exclusive licensee, from RPC, of the '845, '913, '389, and '104 patents.

5.      On information and belief, Defendant DocuSign, Inc. is a Washington corporation having its principal place of business at 1301 2nd Avenue, Suite 2000, Seattle, Washington 98101.  DocuSign provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  DocuSign has committed acts of infringement and other unlawful acts in this

judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

6.     On information and belief, DocuSign is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, DocuSign resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, DocuSign has appointed Corporation Service Company, 300 Deschutes Way SW Suite 304, Tumwater, Washington 98501 as its agent for service of process.

7.     Upon information and belief, Docusign had knowledge or was aware of the '845, '913, '389, and '104 patents before the filing of the Original Complaint because products marked with the patent numbers of one or more of these patents are made, offered for sale, and sold in the United States, including but not limited to by RPost.  RPost marks products with the patent number of one or more of the '845, '913, '389, and '104 patents, among other places, in the products' web-based user interface, which provides link to a list including these patents.  Thus, Docusign and the public are deemed to have notice of the '845, '913, '389, and '104 patents.

8.     Upon and information and belief, Docusign also has knowledge of the '845, '913, '389, and '104 patents through its participation in Request for Proposal ITS-006375 issued by the Information Technology Procurement Office of the State of North Carolina.  After learning that the State of North Carolina elected to use Docusign's electronic signature technology to fulfill the requirements of the RFP, on September 5, 2012, RPost sent a letter to Mr. Tim Lassiter, Assistant Chief of IT Procurement for the State of North Carolina, stating that RPost's patents, including one or more of the patents in suit, cover important elements of digital forms

and electronic signatures, including tracking, proving, recording signoff, and encrypting content. RPost further stated that it believes that there will be additional unlicensed use of RPost's patented technology to fulfill the RFP's requirements.  Upon information and belief, the State of North Carolina informed Docusign of RPost's letter and therefore provided Docusign with notice of its potential infringement of one or more of the '845, '913, '389, and '104 patents based on Docusign's fulfillment of the RFP's requirements.

9.      Upon information and belief, Docusign also acquired knowledge or became aware of one or more of the '845, '913, '389, and '104 patents before the filing of the Original Complaint through its Chief Legal Officer and Vice President of Legal and Corporate Affairs, Mr. Ken Moyle.  RPost representatives met face to face with Mr. Moyle at the 2012 International Legal Tech Conference and informed Mr. Moyle that RPost has additional patents, beyond those asserted in 2:11-cv-299, which is pending in this Court, covering aspects of Docusign's electronic signature technology.

10.      Upon information and belief, based on the above-identified knowledge, as of the filing of the Original Complaint, Docusign knew that it infringed one or more of the '845, '913, '389, and '104 patents or was aware of these patents and but acted with objectively reckless disregard for those patents by continuing to make, use, sell, and/or offer for sale products that infringe these patents.

11.      On information and belief, Defendant Ameritrade Corp., LLC has a principal place of business at 211 S 102nd Street, Omaha, Nebraska 68127.  Ameritrade Corp. LLC is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, Ameritrade Corp., LLC has

committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

12.    On information and belief, Ameritrade Corp., LLC is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Ameritrade Corp., LLC resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Ameritrade Corp., LLC has appointed ICC Management Services, LTD. 3411 Silverside Rd. #104 Wilmington, Delaware 19810 as its agent for service of process.

13.    On information and belief, Defendant Ameritrade, LLC has a principal place of business at 211 S 102nd Street, Omaha, Nebraska 68127.  Ameritrade, LLC is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, Ameritrade, LLC has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

14.    On information and belief, Ameritrade, LLC is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Ameritrade, LLC resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Ameritrade, LLC

has appointed Apex Resident Agent Services LLC 2701 Centerville Rd., Wilmington, Delaware 19808 as its agent for service of process.

15.     On information and belief, Defendant Ariba, Inc. has a principal place of business at 910 Hermosa, Sunnyvale, California, 94085.  Ariba, Inc. is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. Through its use of DocuSign's technology, Ariba, Inc. has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

16.     On information and belief, Ariba, Inc. is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Ariba, Inc resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Ariba, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

17.     On information and belief, Defendant BNY Mellon RCC, LLC has a principal place of business at One Wall Street, New York, New York 10286.  BNY Mellon is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, BNY Mellon has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this

judicial district, including providing the technologies accused of infringement in this judicial

district.

18.     On information and belief, BNY Mellon is a nonresident of Texas who engages in

business in this state, but does not maintain a regular place of business in this state or a

designated agent for service of process in this state.  On information and belief, BNY Mellon

resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in

part, out of business done in this state.  Upon information and belief, BNY Mellon has appointed

The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware 19801 as its agent for service of process.

19.     On information and belief, Defendant CB Richards Ellis Commercial Limited LLC

has a principal place of business at 11150 Santa Monica Blvd. Suite 1600 Los Angeles, California

90025.  CB Richard Ellis is a customer of Docusign and provides technologies that allow users to

securely send, receive, and sign electronic documents, including but not limited to DocuSign's

Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's

technology, CB Richard Ellis has committed acts of infringement and other unlawful acts in this

judicial district and does regular business in this judicial district, including providing the

technologies accused of infringement in this judicial district.

20.     On information and belief, CB Richard Ellis is a nonresident of Texas who

engages in business in this state, but does not maintain a regular place of business in this state or

a designated agent for service of process in this state.  On information and belief, CB Richard

Ellis resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding

arises, in part, out of business done in this state.  Upon information and belief, CB Richard Ellis

has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

21.     On information and belief, Defendants Century 21 Corp. and Century 21 Group Inc. have a principal place of business at 3970 Perkiomen Ave Reading, Pennsylvania 19606. Century 21 Corp. and Century 21 Group Inc. are customers of Docusign and provide technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through their use of DocuSign's technology, Century 21 Corp. and Century 21 Group Inc. have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

22.     On information and belief, Century 21 Corp. and Century 21 Group Inc. are nonresidents of Texas who engage in business in this state, but do not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Century 21 Corp. and Century 21 Group Inc. reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Century 21 Corp. and Century 21 Group Inc. have appointed Delaware Intercorp, Inc. 113 Barksdale Professional Center Newark, DE 19711-3258 as their agent for service of process.

23.     On information and belief, Defendants Century 21 Financial Services Corp. and Century 21 Real Estate LLC have a principal place of business at 3970 Perkiomen Ave Reading, Pennsylvania 19606.  Century 21 Financial Services Corp. and Century 21 Real Estate LLC are customers of Docusign and provide technologies that allow users to securely send, receive, and

sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through their use of DocuSign's technology, Century 21 Financial Services Corp. and Century 21 Real Estate LLC have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

24.     On information and belief, Century 21 Financial Services Corp. and Century 21 Real Estate LLC are nonresidents of Texas who engage in business in this state, but do not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Century 21 Financial Services Corp. and Century 21 Real Estate LLC reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Century 21 Financial Services Corp. and Century 21 Real Estate LLC have appointed Corporate Service Co. 2711 Centerville Ste 400, Willington, DE 19808 as their agent for service of process.

25.     On information and belief, Defendant Century 21 Real Estate Services LLC has a principal place of business at 3970 Perkiomen Ave Reading, Pennsylvania 19606.  Century 21 Real Estate Services LLC is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, Century 21 Real Estate Services LLC has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

26.     On information and belief, Century 21 Real Estate Services LLC is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business

in this state or a designated agent for service of process in this state.  On information and belief,

Century 21 Real Estate Services LLC resides in this jurisdiction within the meaning of 28 U.S.C.

§ 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information

and belief, Century 21 Real Estate Services LLC has appointed The Company Charter.com, Inc.

112 Capital Trail, Newark, DE 19711 as its agent for service of process.

27.     On information and belief, Defendant Century Link LLC has a principal place of

business at 100 CenturyTel Drive, Monroe, LA 71203.  Century Link LLC is a customer of

Docusign and provides technologies that allow users to securely send, receive, and sign

electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures,

and eSign services.  Through its use of DocuSign's technology, Century Link LLC has

committed acts of infringement and other unlawful acts in this judicial district and does regular

business in this judicial district, including providing the technologies accused of infringement in

this judicial district.

28.     On information and belief, Century Link LLC is a nonresident of Texas who

engages in business in this state, but does not maintain a regular place of business in this state or

a designated agent for service of process in this state.  On information and belief, Century Link

LLC resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding

arises, in part, out of business done in this state.  Upon information and belief, Century Link LLC

has appointed I.O.S Group, Inc. 1220 N. Market Street Ste. 808 Wilmington, DE 19801 as its

agent for service of process.

29.     On information and belief, Defendants Coldwell Banker LLC, Coldwell Banker

Real Estate LLC, and Coldwell Banker Real Estate Services LLC, 1 Campus Drive Parsippany,

New Jersey 07054.  Coldwell Banker LLC, Coldwell Banker Real Estate LLC, and Coldwell

Banker Real Estate Services LLC are customers of Docusign and provide technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through their use of DocuSign's technology, Coldwell Banker LLC, Coldwell Banker Real Estate LLC, and Coldwell Banker Real Estate Services LLC have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

30.     On information and belief, Coldwell Banker LLC, Coldwell Banker Real Estate LLC, and Coldwell Banker Real Estate Services LLC are nonresidents of Texas who engage in business in this state, but do not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Coldwell Banker LLC, Coldwell Banker Real Estate LLC, and Coldwell Banker Real Estate Services LLC reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Coldwell Banker LLC, Coldwell Banker Real Estate LLC, and Coldwell Banker Real Estate Services LLC have appointed Corporate Service Co. 2711 Centerville Ste 400, Willington, DE 19808 as their agent for service of process.

31.     On information and belief, Defendants Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. have a principal place of business at 10446 North 74th Street, Scottsdale, AZ 85258.  Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. are customers of Docusign and provide technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through

their use of DocuSign's technology, Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

32.     On information and belief, Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. are nonresidents of Texas who engage in business in this state, but do not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Coldwell Banker Residential Brokerage LLC and Coldwell Banker Residential Brokerage, Inc. have appointed Corporate Service Co. 2711 Centerville Ste 400, Willington, DE 19808 as their agent for service of process.

33.     On information and belief, Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc., One Comcast Center, 1701 JFK Blvd, Philadelphia, Pennsylvania 19103.  Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc. are customers of Docusign and provide technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through their use of DocuSign's technology, Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc. have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this

judicial district, including providing the technologies accused of infringement in this judicial

district.

34.     On information and belief, Comcast Corporation, Comcast Cable

Communications, LLC, and Comcast Cable Communications, Inc. are nonresidents of Texas

who engage in business in this state, but do not maintain a regular place of business in this state

or a designated agent for service of process in this state.  On information and belief, Comcast

Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc.

reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in

part, out of business done in this state.  Upon information and belief, Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc. have

appointed Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington,

Delaware 19801 as their agent for service of process.

35.     On information and belief, Defendants First Data Corp., First Data LLC, and First

Data Services LLC have a principal place of business at 7305 Pacific St Omaha, NE 68114.

First Data Corp., First Data LLC, and First Data Services LLC are customers of Docusign and

provide technologies that allow users to securely send, receive, and sign electronic documents,

including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.

Through their use of DocuSign's technology, First Data Corp., First Data LLC, and First Data

Services LLC have committed acts of infringement and other unlawful acts in this judicial

district and do regular business in this judicial district, including providing the technologies

accused of infringement in this judicial district.

36.     On information and belief, First Data Corp., First Data LLC, and First Data

Services LLC are nonresidents of Texas who engage in business in this state, but do not maintain

a regular place of business in this state or a designated agent for service of process in this state. On information and belief, First Data Corp., First Data LLC, and First Data Services LLC reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, First Data Corp., First Data LLC, and First Data Services LLC have appointed Corporate Service Co. 2711 Centerville Ste 400, Willington, DE 19808 as their agent for service of process.

37.     On information and belief, Defendants Lending Tree LLC and Lending Tree Holding Corp. 11115 Rushmore Dr., Charlotte, NC 28277-3442.  Lending Tree LLC and Lending Tree Holding Corp. are customers of Docusign and provide technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through their use of DocuSign's technology, Lending Tree LLC and Lending Tree Holding Corp. have committed acts of infringement and other unlawful acts in this judicial district and do regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

38.     On information and belief, Lending Tree LLC and Lending Tree Holding Corp. are nonresidents of Texas who engage in business in this state, but do not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Lending Tree LLC and Lending Tree Holding Corp. reside in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Lending Tree LLC and Lending Tree Holding Corp. have appointed National Registered Agents, Inc. 160 Greentree Dr. Ste. 101 Dover, DE 19904 as their agent for service of process.

39.     On information and belief, Defendant Lincoln Financial Group, LLC, has a principal place of business at 150 N. Radnor Chester Rd., Radnor, PA, 19807.  Lincoln Financial is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, Lincoln Financial has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

40.     On information and belief, Lincoln Financial is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Lincoln Financial resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Lincoln Financial has appointed Corporate Service Co. 2711 Centerville Ste 400 Willington, DE 19808 as its agent for service of process.

41.     On information and belief, Defendant Office Depot, Inc., has a principal place of business at 6600 North Military Trail, Boca Raton, Florida 33496.  Office Depot is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, Office Depot has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

42.    On information and belief, Office Depot is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Office Depot resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Office Depot has appointed Corp. Creations Network, Inc. 3411 Silverside #104 Rodney Building, Willington, DE 19810 as its agent for service of process.

43.    On information and belief, Defendant REMAX Corp. has a principal place of business at 5075 S. Syracuse St. Denver, CO 80237-2712.  REMAX Corp. is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, REMAX Corp. has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

44.    On information and belief, REMAX Corp.is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, REMAX Corp. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, REMAX Corp. has appointed Corporate Agents, Inc. 2711 Centerville Ste 400 Willington, DE 19808 as its agent for service of process.

45.     On information and belief, Defendant RE/MAX LLC has a principal place of business at 5075 S. Syracuse St. Denver, CO 80237-2712.  RE/MAX LLC is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, RE/MAX LLC has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

46.     On information and belief, RE/MAX LLC is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, RE/MAX LLC resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, RE/MAX LLC has appointed The Corporation Trust Co., Corp. Trust Center, 1209 Orange St. Wilmington, Delaware 19801as its agent for service of process.

47.     On information and belief, Defendant YUM Brands, Inc. has a principal place of business at 1441 Gardiner Lane, Louisville, Kentucky 40213.  YUM Brands is a customer of Docusign and provides technologies that allow users to securely send, receive, and sign electronic documents, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Through its use of DocuSign's technology, YUM Brands has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

48.     On information and belief, YUM Brands is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, YUM Brands resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, YUM Brands has appointed The Corporation Trust Co., Corp. Trust Center, 1209 Orange St. Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

49.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent infringement).

50.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b).  On information and belief, Defedants conduct business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

51.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have minimum contacts within the State of Texas and the Eastern District of Texas, under due process and/or the Texas Long Arm Statute, DocuSign have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants regularly conduct and solicit business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

52.     More specifically, Defendants directly and/or through intermediaries use, make, offer for sale, sell, and/or advertise (including the provision of an interactive website) products

and services in the United States, the State of Texas, and the Eastern District of Texas.  On

information and belief, Defendants have committed acts of infringement in the State of Texas

and in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in

the Eastern District of Texas.  On information and belief, Defendants have paying customers

who are residents of the State of Texas and the Eastern District of Texas and who use Defendants

products and services in the State of Texas and in the Eastern District of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,275,845**
**(All Defendants)**

53.     Plaintiffs re-allege each and every allegation contained in the foregoing

paragraphs as if fully set forth in this Count.

54.     On information and belief, Defendants have been and now are infringing the '845

patent in the State of Texas, in this judicial district, and elsewhere in the United States by

making, using, importing, selling and/or offering for sell products and services that record that a

sender has electronically transmitted certain information via a dispatcher to a recipient, including

but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Defendants

are thus liable for infringement of the '845 patent under 35 U.S.C. § 271.

55.     On information and belief, DocuSign's infringement of the '845 patent has been

and/or is willful.

56.     As a result of Defendants' infringement of the '845 patent, Plaintiffs have

suffered monetary damages in an amount not yet determined, and will continue to suffer

damages in the future unless Defendants' infringing activities are enjoined by this Court.

57.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '845 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,224,913
### (All Defendants)

58.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

59.     On information and belief, Defendants have been and now are infringing the '913 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. Defendants are thus liable for infringement of the '913 patent under 35 U.S.C. § 271.

60.     On information and belief, DocuSign's infringement of the '913 patent has been and/or is willful.

61.     As a result of Defendants' infringement of the '913 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

62.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '913 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,209,389
### (All Defendants)

63.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

64.     On information and belief, Defendants have been and now are infringing the '389 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that prove the transmission, receipt, and content of a reply to an electronic message, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services.  Defendants are thus liable for infringement of the '389 patent under 35 U.S.C. § 271.

65.     On information and belief, DocuSign's infringement of the '389 patent has been and/or is willful.

66.     As a result of Defendants' infringement of the '389 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

67.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '389 patent, Plaintiffs will be greatly and irreparably harmed.

### COUNT IV
### INFRINGEMENT OF U.S. PATENT NO. 8,161,104
### (All Defendants)

68.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

69.     On information and belief, Defendants have been and now are infringing the '104 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate

that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. Defendants are thus liable for infringement of the '104 patent under 35 U.S.C. § 271.

70.     On information and belief, DocuSign's infringement of the '104 patent has been and/or is willful.

71.     As a result of Defendants' infringement of the '104 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

72.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '104 patent, Plaintiffs will be greatly and irreparably harmed.

### COUNT V
### INFRINGEMENT OF U.S. PATENT NO. 6,182,219
### (All Defendants except Docusign)

73.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

74.     On information and belief, Defendants have been and now is infringing the '219 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to DocuSign's Electronic Signature, eSignatures, and eSign services. Defendants are thus liable for infringement of the '219 patent under 35 U.S.C. § 271.

75.     As a result of Defendants' infringement of the '219 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

76.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '219 patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have infringed the '845, '913, '389, and '104 patents,

2.     A judgment in favor of Plaintiffs that Docusign's infringement of the '845, '913, '389, and '104 patents has been and is willful;

3.     A judgment in favor of Plaintiffs that Defendants (excluding DocuSign) have infringed the '219 patent,

4.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '845, '913, '389, and '104 patents;

5.     A permanent injunction enjoining Defendants (excluding Docusign) and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '219 patent;

6.     A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '845, '913, '389, and '104 patents as provided under 35 U.S.C. § 284;

7.      A judgment and order requiring Defendants (excluding Docusign) to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '219 patent as provided under 35 U.S.C. § 284

8.      An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of DocuSign's prohibited conduct with notice being made before the filing of this Complaint, as provided under 35 U.S.C. § 284;

9.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

10.     Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs RPost Holdings, Inc., RPost Communications Limited, and RMail Limited under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated: January 31, 2013

By: /s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
State Bar No. 24068745
W.O. Huff & Associates
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF FILING</u>

I certify that on January 31, 2013, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system.

/s/  Winston O. Huff