UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>DOCUSIGN, INC.;<br>AMERITRADE CORP., LLC;<br>AMERITRADE, LLC;<br>ARIBA, INC.;<br>BNY MELLON RCC, LLC;<br>CB RICHARDS ELLIS COMMERCIAL<br>  LIMITED LLC;<br>CENTURY 21 CORP.;<br>CENTURY 21 GROUP INC.;<br>CENTURY 21 FIN. SERVICES CORP.;<br>CENTURY 21 REAL ESTATE LLC;<br>CENTURY 21 REAL ESTATE SERVICES LLC;<br>CENTURY LINK LLC;<br>COLDWELL BANKER LLC;<br>COLDWELL BANKER REAL ESTATE LLC;<br>COLDWELL BANKER REAL ESTATE<br>  SERVICES LLC;<br>COLDWELL BANKER RESIDENTIAL<br>  BROKERAGE LLC;<br>COLDWELL BANKER RESIDENTIAL<br>  BROKERAGE, INC.;<br>COMCAST CORPORATION;<br>COMCAST CABLE COMMUNICATIONS, LLC;<br>COMCAST CABLE COMMUNICATIONS, INC.;<br>FIRST DATA CORP.;<br>FIRST DATA LLC;<br>FIRST DATA SERVICES LLC;<br>LENDING TREE LLC;<br>LENDING TREE HOLDING CORP.;<br>LINCOLN FINANCIAL GROUP, LLC;<br>OFFICE DEPOT, INC.;<br>REMAX CORP.;<br>RE/MAX LLC; and<br>YUM BRANDS, INC.<br>      Defendants. | Civil Action No. 12-cv-683-JRG<br><br>Hon. Rodney Gilstrap |

# FIRST DATA CORP. AND FIRST DATA SERVICES, LLC ANSWER AND AFFIRMATIVE DEFENSES

Defendants First Data Corp. and First Data Services, LLC ("First Data") hereby answer the claims of Plaintiffs RPost Holdings, Inc. ("RPH"), RPost Communications Limited ("RPC") and RMail Limited ("RMail") as follows. The numbered paragraphs below correspond to the same numbered paragraphs in the complaint.

## NATURE OF THE ACTION

1.   First Data admits that the action purports to be one for patent infringement under 35 U.S.C. ¶¶ 1 *et seq*. First Data denies that there is any validity to the claims alleged in this action.

## PARTIES

2.   First Data lacks information or knowledge sufficient to admit or deny the allegations regarding RPC's corporate structure or ownership of U.S. Patent Nos. 8,275,845 ("the '845 patent"), 8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent") or 8,161,104 ("the '104 patent") and on that basis denies those allegations. The patents are documents issued by the U.S. Patent & Trademark Office ("PTO") pursuant to its publication guidelines and for purposes of the titles of the patents, their issue date, and the subject matter to which they are directed the documents speak for themselves. First Data lacks information or knowledge sufficient to admit or deny the allegation that the patents were duly and legally issued by the PTO after full and fair examination and on that basis denies those allegations. First Data lacks information or knowledge sufficient to admit or deny whether Exhibits A-D to the complaint comprise true and correct copies of the '845, '913, '389 and the '104 patents, respectively, and on that basis denies those allegations. First Data denies the remaining allegations of the paragraph.

3.   First Data lacks information or knowledge sufficient to admit or deny the allegations regarding RMail's corporate structure or ownership of U.S. Patent No. 6,182,219

("the '219 patent") and on that basis denies those allegations. The patent is a document issued by the U.S. Patent & Trademark Office ("PTO") pursuant to its publication guidelines and for purposes of the title of the patent, its issue date, and the subject matter to which it is directed the document speaks for itself. First Data lacks information or knowledge sufficient to admit or deny the allegation that the patent was duly and legally issued by the PTO after full and fair examination or reexamination and on that basis denies those allegations. First Data lacks information or knowledge sufficient to admit or deny whether Exhibits E and F to the complaint comprise true and correct copies of the '219 patent and reexamination certificate, respectively, and on that basis denies those allegations. First Data denies the remaining allegations of the paragraph.

4. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

5. First Data admits that DocuSign purports to provide electronic signature services, and that uses of its technology may send, receive and sign electronic documents. Except as expressly admitted, First Data lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies those allegations.

6. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

7. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

8. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

9. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

10. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

AFFIRMATIVE DEFENSES- 3
Civil Action No. 12-cv-683-JRG
DOCU-6-1008P09 ANS_First Data

11.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

12.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

13.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

14.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

15.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

16.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

17.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

18.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

19.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

20.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

21.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

22.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

23.   First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

24. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies those allegations.

25. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

26. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

27. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

28. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

29. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

30. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

31. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

32. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

33. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

34. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

35. Deny.

36. First Data admits the allegations of the fourth sentence of the paragraph as to the entities First Data Corp. and First Data Services, LLC. First Data denies the remaining allegations.

37. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

38. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

39. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

40. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

41. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

42. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

43. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

44. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

45. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

46. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

47. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

48. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

### JURISDICTION AND VENUE

49. First Data admits that this Court has subject matter jurisdiction. First Data denies the remaining allegations of the paragraph.

50. For purposes of this action only, First Data admits that venue is proper, but denies that it is the most convenient forum to decide the case. First Data denies the remaining allegations of the paragraph.

51. Deny.

52. Deny.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 8,275,845

53. First Data realleges and incorporates by reference the allegations and responses set forth herein.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

### COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 8,224,913

58. First Data realleges and incorporates by reference the allegations and responses set forth herein.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,209,389

63. First Data realleges and incorporates by reference the allegations and responses set forth herein.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 8,161,104

68. First Data realleges and incorporates by reference the allegations and responses set forth herein.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 6,182,219

73. First Data realleges and incorporates by reference the allegations and responses set forth herein.

74. To the extent that Plaintiffs' allegations are directed to First Data, deny.

75. To the extent that Plaintiffs' allegations are directed to First Data, deny.

76. To the extent that Plaintiffs' allegations are directed to First Data, deny.

### AFFIRMATIVE DEFENSES

First Data realleges and incorporates by reference the allegations and responses set forth herein and asserts the following affirmative defenses:

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. This forum lacks interest in the matter and this venue is not the most convenient forum to decide the case.

3. First Data has not infringed any valid claim of the '845, the '913, the '389, the '104 and the '219 patents.

4. The claims of the '845, the '913, the '389, the '104 and the '219 patents are invalid for failing to meet the requirements for patentability under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

5. Plaintiffs are barred under 35 U.S.C. § 287 from recovering damages for any alleged infringement occurring before they provided actual notice to First Data of alleged infringement of the patents.

6. First Data has not infringed the '219 patent in accordance with 35 U.S.C. §§252 and 307. To the extent First Data has used the accused DocuSign service, for relevant purposes the service used predated issuance of the reexamination certificate. Accordingly, any continued use by First Data of accused DocuSign service is not an act of infringement as a matter of law because the claims of the reexamined '219 patent are not identical to the claims of the original patent.

**PRAYER FOR RELIEF**

First Data requests the following alternative and cumulative relief:

a. A dismissal of Plaintiffs' claims with prejudice.

b. A denial of all relief requested by Plaintiffs.

c. A declaration that the '845, the '913, the '389, the '104 and the '219 patents are invalid, unenforceable and/or not infringed by First Data or the DocuSign System.

d. A judgment in favor of First Data on all claims.

e. An award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 and applicable law.

   f. Such other and further relief as the Court may deem just and proper.

First Data is continuing to investigate facts including, for example, facts relating to the prosecution of the asserted patents. To the extent discovery reveals additional defenses, First Data reserves the right to amend to assert such allegations and/or defenses to the extent appropriate.

RESPECTFULLY SUBMITTED this 26th day of April, 2013.

           s/ David A. Lowe, (*Pro Hac Vice*)
           Washington State Bar No. 24453
           LOWE GRAHAM JONES<sup>PLLC</sup>
           701 Fifth Avenue, Suite 4800
           Seattle, WA 98104
           T: 206.381.3300
           F: 206.381.3301
           Lowe@LoweGrahamJones.com

           Melissa Richards Smith
           Texas State Bar 24001351
           GILLAM & SMITH[LLP]
           303 South Washington Avenue
           Marshall, TX 75670
           T: 903.934.8450
           F: 903.934.9257
           Melissa@gillamsmithlaw.com

           Attorneys for Defendants First Data Corp. and First Data Services, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service Local Rule CV-5(a)(3)(A) on April 26, 2013.

s/ Caitlin B. Kavanagh