UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>                Plaintiffs,<br><br>    v.<br><br>DOCUSIGN, INC.;<br>ARIBA, INC.;<br>BNY MELLON RCC, LLC;<br>CB RICHARDS ELLIS COMMERCIAL<br>    LIMITED LLC;<br>CENTURY 21 CORP.;<br>CENTURY 21 REAL ESTATE LLC;<br>COLDWELL BANKER LLC;<br>COLDWELL BANKER REAL ESTATE LLC;<br>COLDWELL BANKER REAL ESTATE<br>    SERVICES LLC;<br>COLDWELL BANKER RESIDENTIAL<br>    BROKERAGE LLC;<br>COLDWELL BANKER RESIDENTIAL<br>    BROKERAGE, INC.;<br>COMCAST CORPORATION;<br>COMCAST CABLE COMMUNICATIONS, LLC;<br>FIRST DATA CORP.;<br>FIRST DATA SERVICES LLC;<br>LENDING TREE LLC;<br>THE LINCOLN NATIONAL LIFE INSURANCE<br>    COMPANY;<br>OFFICE DEPOT, INC.;<br>RE/MAX LLC; and<br>YUM BRANDS, INC.<br><br>                Defendants. | Civil Action No. 12-cv-683-JRG<br><br><br>Hon. Rodney Gilstrap |

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES
Civil Action No. 12-cv-683-JRG
DOCU-6-1008P09 ANS_LincolnNat

### THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby answers the claims of Plaintiffs RPost Holdings, Inc. ("RPH"), RPost Communications Limited ("RPC") and RMail Limited ("RMail") as follows. The numbered paragraphs below correspond to the same numbered paragraphs in the complaint.

### NATURE OF THE ACTION

1.      Lincoln admits that the action purports to be one for patent infringement under 35 U.S.C. ¶¶ 1 *et seq*. Lincoln denies that there is any validity to the claims alleged in this action.

### PARTIES

2.      Lincoln lacks information or knowledge sufficient to admit or deny the allegations regarding RPC's corporate structure or ownership of U.S. Patent Nos. 8,275,845 ("the '845 patent"), 8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent") or 8,161,104 ("the '104 patent") and on that basis denies those allegations. The patents are documents issued by the U.S. Patent & Trademark Office ("PTO") pursuant to its publication guidelines and for purposes of the titles of the patents, their issue date, and the subject matter to which they are directed the documents speak for themselves. Lincoln lacks information or knowledge sufficient to admit or deny the allegation that the patents were duly and legally issued by the PTO after full and fair examination and on that basis denies those allegations. Lincoln lacks information or knowledge sufficient to admit or deny whether Exhibits A-D to the complaint comprise true and correct copies of the '845, '913, '389 and the '104 patents, respectively, and on that basis denies those allegations. Lincoln denies the remaining allegations of the paragraph.

3.      Lincoln lacks information or knowledge sufficient to admit or deny the allegations regarding RMail's corporate structure or ownership of U.S. Patent No. 6,182,219 ("the '219 patent") and on that basis denies those allegations. The patent is a document issued by the U.S. Patent & Trademark Office ("PTO") pursuant to its publication guidelines and for

purposes of the title of the patent, its issue date, and the subject matter to which it is directed the document speaks for itself. Lincoln lacks information or knowledge sufficient to admit or deny the allegation that the patent was duly and legally issued by the PTO after full and fair examination or reexamination and on that basis denies those allegations. Lincoln lacks information or knowledge sufficient to admit or deny whether Exhibits E and F to the complaint comprise true and correct copies of the '219 patent and reexamination certificate, respectively, and on that basis denies those allegations. Lincoln denies the remaining allegations of the paragraph.

4.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

5.      Lincoln admits that DocuSign purports to provide electronic signature services, and that users of its technology may send, receive and sign electronic documents. Lincoln denies the allegations of the third sentence of the paragraph. Except as expressly admitted, Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies those allegations.

6.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

7.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

8.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

9.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

10.      Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

11.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

12.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

13.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

14.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

15.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

16.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

17.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

18.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

19.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

20.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

21.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

22.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

23.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

24.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies those allegations.

25.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

26.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

27.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

28.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

29.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

30.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

31.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

32.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

33.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

34.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

35.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

36.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

37.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

38.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

39.     Lincoln admits the allegation of the first sentence of the paragraph, as the substituted party for originally named Lincoln Financial Group, LLC. Lincoln admits that it is a customer of DocuSign. Lincoln denies the remaining allegations.

40.     Lincoln admits the allegations of the fourth sentence. For purposes of this action only Lincoln admits that it resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). Lincoln denies the remaining allegations.

41.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

42.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

43.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

44.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

45.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

46.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

47.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

48.     Lincoln lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

**JURISDICTION AND VENUE**

49.     Lincoln admits that this Court has subject matter jurisdiction. Lincoln denies the remaining allegations of the paragraph.

50.     For purposes of this action only, Lincoln admits that venue is proper, but denies that it is the most convenient forum to decide the case. Lincoln denies the remaining allegations of the paragraph.

51.     Deny.

52.     Lincoln admits that has provided its products and services in this judicial district but denies that it does regular business in this judicial district. Lincoln admits that it has solicited customers throughout the United States, which includes Texas. Lincoln admits that it has paying customers who are residents of Texas. Lincoln denies the remaining allegations of the paragraph.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,275,845**

53.     Lincoln realleges and incorporates by reference the allegations and responses set forth herein.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 8,224,913**

58.     Lincoln realleges and incorporates by reference the allegations and responses set forth herein.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,209,389

63.     Lincoln realleges and incorporates by reference the allegations and responses set forth herein.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Deny.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 8,161,104

68.     Lincoln realleges and incorporates by reference the allegations and responses set forth herein.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 6,182,219

73.     Lincoln realleges and incorporates by reference the allegations and responses set forth herein.

74.     To the extent that Plaintiffs' allegations are directed to Lincoln, deny.

75.     To the extent that Plaintiffs' allegations are directed to Lincoln, deny.

76.     To the extent that Plaintiffs' allegations are directed to Lincoln, deny.

**AFFIRMATIVE DEFENSES**

Lincoln realleges and incorporates by reference the allegations and responses set forth herein and asserts the following affirmative defenses:

1.      Plaintiffs have failed to state a claim for which relief can be granted.

2.      This forum lacks interest in the matter and this venue is not the most convenient forum to decide the case.

3.      Lincoln has not infringed any valid claim of the '845, the '913, the '389, the '104 and the '219 patents.

4.      The claims of the '845, the '913, the '389, the '104 and the '219 patents are invalid for failing to meet the requirements for patentability under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

5.      Plaintiffs are barred under 35 U.S.C. § 287 from recovering damages for any alleged infringement occurring before they provided actual notice to Lincoln of alleged infringement of the patents.

6.      Lincoln has not infringed the '219 patent in accordance with 35 U.S.C. §§252 and 307. To the extent Lincoln has used the accused DocuSign service, for relevant purposes the service used predated issuance of the reexamination certificate. Accordingly, any continued use by Lincoln of accused DocuSign service is not an act of infringement as a matter of law because the claims of the reexamined '219 patent are not identical to the claims of the original patent.

Lincoln is continuing to investigate facts including, for example, facts relating to the prosecution of the asserted patents. To the extent discovery reveals additional defenses, Lincoln reserves the right to amend to assert such allegations and/or defenses to the extent appropriate.

**PRAYER FOR RELIEF**

Lincoln requests the following alternative and cumulative relief:

a.      A dismissal of Plaintiffs' claims with prejudice.

b.      A denial of all relief requested by Plaintiffs.

c.      A declaration that the '845, the '913, the '389, the '104 and the '219 patents are invalid, unenforceable and/or not infringed by Lincoln or the DocuSign System.

d.      A judgment in favor of Lincoln on all claims.

e.      An award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 and applicable law.

f.      Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 8th day of October, 2013.

s/ David A. Lowe (*Pro Hac Vice*)
Washington State Bar No. 24453
LOWE GRAHAM JONES[PLLC]
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
    Lowe@LoweGrahamJones.com

Melissa Richards Smith
Texas State Bar 24001351
GILLAM & SMITH[LLP]
303 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257
    Melissa@gillamsmithlaw.com

Attorneys for The Lincoln National Life
Insurance Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service Local Rule CV-5(a)(3)(A) on October 8,  2013.

s/ David A Lowe