IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>DOCUSIGN, INC. et al,<br><br>Defendants. | Civil Action No. 2:12-cv-683-JRG<br><br>Hon. Rodney Gilstrap |

**PLAINTIFFS' OPPOSITION TO CUSTOMER DEFENDANTS'
OPPOSED MOTION TO SEVER AND STAY**

I.     **INTRODUCTION**

The Customer Defendants' motion to sever and stay RPost's claims against them should be denied because it makes essentially the same arguments that Defendant Docusign, Inc. makes in a previous motion to sever and stay, which the Court already considered and rejected.  Less than one month after the Court denied the same relief to Docusign, the Customer Defendants now seek to resurrect the argument that the customer-suit exception and judicial economy favor severing and staying the claims against them.  As the Court noted, Docusign did not seriously assert the customer-suit exception.[1]  But the Court did not intend Docusign's shortcomings to be an invitation for the Customer Defendants' to provide the missing analysis.  The Court already conclusively determined that the customer-suit exception does not apply and that a severance and stay do not serve the interests of justice:

> The Court finds Docusign's reliance on the customer-suit exception misplaced and is not otherwise persuaded that the interests of justice are best served by a severance and stay of the Customer Defendants.[2]

The customer-suit exception, which forms the primary basis of the Customer Defendants' motion, does not apply because Docusign and its customers have been simultaneously sued in the same action.  Even if the customer-suit exception does apply, which it does not, the Customer Defendants have not definitively agreed to be bound by any judgment in favor of RPost against Docusign.  Moreover, the presence of the customers in this action enables RPost to obtain complete relief, simplifies discovery, and promotes judicial economy and the interests of justice.  Accordingly, the Court should set this case for a status conference,[3] deny the Customer Defendants' motion, and allow this case to proceed against all of the defendants.

---

[1] Dkt. No. 67 at p. 3.
[2] *Id.*
[3] Dkt. No. 70.

1

## II. ARGUMENT AND AUTHORITIES

### A. The Court Should Not Sever And Stay The Customer Claims.

The Customer Defendants' contention that the claims against them should be severed and stayed under the customer-suit exception must fail because not only is the customer-suit exception inapplicable, the Court already considered and rejected this argument. In denying essentially the same motion by Docusign, the Court determined that, as to this case, the customer-suit exception does not apply.[4] The customer-suit exception applies "to stay earlier filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum."[5] As the Court recognized, this situation does not involve separate cases against the manufacturer and the customer defendants in different forums.[6] Docusign and its 19 customers are co-defendants in the same action.[7] Thus, this case does not present a danger of inconsistent conclusions about Docusign and the Customer Defendants' infringement of the patents-in-suit.[8]

The Customer Defendants' reliance on *Spread Spectrum Screening, LLC v. Eastman Kodak Co.* is misplaced. In that case, the Court determined that the customer defendants were peripheral because it was obvious that they were added to the action to establish venue.[9] Here, venue is not an issue. The defendants have not sought to transfer venue and Docusign is a defendant in *RMail Limited et al. v. Docusign, Inc.*, No. 2:11-cv-299, which is also pending in this Court. In fact, Docusign tried to transfer venue in the 2:11-cv-299 case and the Court denied

---

[4] *Id.*
[5] *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).
[6] Dkt. No. 67 at p. 2.
[7] *Id.* (citing *Keranos, LLC v. Analog Devices, Inc.*, Case No. 2:10-cv-207-MHS (E.D. Tex. Jan. 10, 2013).
[8] *Id.* (citing *Keranos, LLC v. Analog Devices, Inc.*, Case No. 2:10-cv-207-MHS (E.D. Tex. Jan. 10, 2013) (citing *Heinz Kettler GMBH & Co. v. Indian Indus.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008)).
[9] *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 U.S. Dist. LEXIS 90549, at *8-9 (N.D. Ill. Sept. 1, 2010).

the motion.[10] Moveover, as the Federal Circuit points out, the district court in *Spread Spectrum* relies on Seventh Circuit case law, not the customer-suit exception.[11] As such, the district court concludes that joinder of the peripheral defendants to prevent the transfer to a more appropriate venue is improper.[12] Because neither Seventh Circuit law nor the customer-suit exception apply to this case, the district court's holding in *Spread Spectrum* is inapposite.

The Customer Defendants' reliance on *Keranos, LLC v. Analog Devices, Inc.*, Case No. 2:10-cv-207-MHS (E.D. Tex. Jan. 10, 2013) is also misplaced. In that case, Judge Schneider denied the customer defendants' motion to stay and sever Keranos' claims against the manufacturer. In fact, Judge Schneider found the customer-suit exception inapplicable to cases where, as here, the plaintiff sues both the manufacturer and the customer simultaneously.[13] "Because plaintiffs have simultaneously sued both the manufacturer . . . and the customer . . . , this case does not present a situation where two suits are pending in different jurisdictions, nor a danger inconsistent conclusions about the infringement of plaintiffs' patents."[14] Not only are the policy concerns underlying the customer-suit exception are not present in this case (e.g., the risk of inconsistent judgments), but Judge Schneider expressly concluded that an indefinite stay of the customer defendant claims—the same relief the Customer Defendants seek—was not warranted.[15] Thus, if anything, *Keronos* supports denying the Customer Defendants' motion, not granting it.

Further, the Customer Defendants' motion fails to cite any appropriate Federal Rules of Civil Procedure, statute, or case law in support of their motion to sever. Indeed, the Customer

---

[10] *RMail Ltd. v. Docusign, Inc.*, 2012 U.S. Dist. LEXIS 57559 (E.D. Tex. Apr. 23, 2012).
[11] *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011).
[12] *Id.*
[13] *Keranos* at p. 3.
[14] Dkt. No. 67 at p. 2 (citing *Keranos, LLC v. Analog Devices, Inc.*, Case No. 2:10-cv-207-MHS (E.D. Tex. Jan. 10, 2013) (citing *Heinz Kettler GMBH & Co. v. Indian Indus.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008)).
[15] *Keranos* at p. 4.

3

Defendants have the burden of proving that severance is appropriate.[16] The Customer Defendants fail to meet their burden of proving that severance under Fed. R. Civ. P. 21 is warranted and further fail to show how separate trials under Fed. R. Civ. P. 42(b) are warranted, economical, or in the best interest of justice.

In choosing whether to exercise its discretion to sever a claim, a district court is guided by considerations of convenience, avoidance of prejudice to the parties, and efficiency.[17] Courts consider the following factors when determining whether severance is appropriate: (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence.[18] The Customer Defendants fails to show or provide any evidentiary support that these five factors justify severance. For this additional reason, the Customer Defendants' motion must be denied.

### 1. The customer claims are not peripheral.

Even assuming that the customer-suit exception applies, which it does not, the claims against the Customer Defendants are not peripheral to the claims against Docusign. The Customer Defendants provide no evidence of their use of the accused Docusign electronic signature service. The only evidence that the Customer Defendants submit is a declaration from Docusign's General Counsel, Ken Moyle. But not surprisingly Mr. Moyle does not, and likely cannot, state that he has any knowledge of the Customer Defendants' use of the accused service. Thus, the Customer Defendants have simply no basis for statements such as "none of them takes

---

[16] *See Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, 2010 U.S. Dist. LEXIS 70743 (S.D. Tex. 2010).
[17] *See Baergas v. City of New York*, 2005 U.S. Dist. LEXIS 18785 (S.D.N.Y. Aug. 25, 2005).
[18] *Id.*

any action other than merely to use what is provided by Docusign's technology."[19] In fact, such naked assertions are belied by Docusign's website, which indicates that customers can take action to integrate Docusign's accused service into their systems:

> DocuSign provides the greatest levels of flexibility, scalability, and availability. Our Cloud platform lets you integrate with existing business systems quickly and easily, with open APIs that let you build additional functionality and scalability as your needs grow.[20]

RPost will need to take discovery from each of the Customer Defendants in order to ascertain the true nature and extent of their use of the accused Docusign service.

The Customer Defendants' arguments are also undermined by their own authority. In *Innovative Automation, LLC v. Audio & Video Labs, Inc.*, the court declined to sever the claims against the customer defendants because they took additional steps to integrate the accused devices into their systems.[21] Thus, the court could not determine from the record that resolving the claims against the manufacturer would resolve the claims against the customer defendants.[22] The same reasoning applies to this case. Not only do the Customer Defendants also integrate the accused service into their respective systems,[23] the Customer Defendants provide no evidence of their use of the accused service that would allow the Court to conclude that the claims against Docusign will resolve the claims against the Customer Defendants.

In addition, the Customer Defendants incorrectly assert that the alleged infringement by the customers is redundant to the alleged infringement by Docusign. At this stage, RPost has not served its disclosures under P.R. 3-1 and therefore has not identified what claims of the patents-in-suit it is asserting. It is entirely possible that the claims against the Customer Defendants will

---

[19] Dkt. No. 69 at p. 5.
[20] Declaration of Lewis. E. Hudnell, III in Support of Plaintiff's Opposition ("Hudnell Decl.") at Ex. 1.
[21] *Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, 2012 U.S. Dist. LEXIS 114503, at *21 (E.D. Tex. May 30, 2012).
[22] *Id.*
[23] Hudnell Decl. at Ex. 1.

5

not overlap with the claims Docusign. For example, not only is the '219 patent not asserted against Docusign in this action, RPost is not asserting all of the claims of the '219 patent against Docusign in Civil Action No. 2:11-cv-299. Indeed, there may be claims of the '219 patent and the other patents-in-suit that are more appropriately asserted against the Customer Defendants as opposed to Docusign. Until RPost serves its P.R. 3-1 disclosures, concluding that RPost's claims against the Customer Defendants are redundant or peripheral is premature.[24] Thus, the argument that the claims against the Customer Defendants fully overlap with the claims against Docusign is purely speculative and must be rejected.

Further, contrary to the Customer Defendants' contention, discovery will not be more economical and efficient by severing and staying claims against the Customer Defendants. RPost will still need to take discovery from the Customer Defendants regarding their use of the accused technology, which is relevant to infringement. The Customer Defendants have this information, not Docusign. Additionally, the Customer Defendants have information regarding the benefit that they derive from using the accused service, which is relevant to damages and is also not available from Docusign. It will more efficient to take discovery from the Customer Defendants if they are parties in the same case as Docusign as opposed to if they are third parties, which will require numerous subpoenas. Further, as noted above, the Customer Defendants cannot show that resolving the claims against Docusign will resolve the claims against the Customer Defendants. Thus, a severance will not promote judicial economy, and time and resources will certainly be wasted in ordering and conducting a separate trials. Accordingly, severing and staying the claims against the Customer Defendants is not warranted and the Customer Defendants' motion should be denied.

---

[24] *Geotag v. Georgio Armani SPA, et al.*, Civil Action No. 2:10-cv-569-DF, Dkt. No. at p. 5-6 (E.D. Tex. Nov. 14, 2011).

### 2. The Customer Defendants have not agreed to be bound.

The Customer Defendants' claim that the Court previously indicated that the Customer Defendants' agreement to be bound was the most significant factor in its analysis mischaracterizes the Court's previous order. Nowhere in the order denying Docusign's motion does the Court state as much. Not surprisingly, the Customer Defendants provide no support for their assertion. In fact, the Customer Defendants' agreement to be bound is irrelevant because the Court determined that the customer-suit exception does not apply. Notwithstanding, although counsel for the Customer Defendants orally represented that the Customer Defendants agree to be bound by a decision in favor of RPost against Docusign, the Customer Defendants have not definitively agreed to do so in writing, other than through attorney argument in their motion. Thus, RPost and the Court do not know what it is the Customer Defendants purport to agree to and whether this purported agreement will ensure that RPost obtains complete relief.

### 3. RPost needs the Customer Defendants to obtain complete relief.

The Customer Defendants mistakenly contend that RPost can obtain complete relief solely from Docusign. In support of their argument, the Customer Defendants cite *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851 (Fed. Cir. 2006). *Glenayre*, however, is distinguishable; the patent holders were not entitled to a second trial because the district court stayed their counterclaims against the defendant's infringing customers.[25] The court ruled that because the patent holders were already fully compensated for infringement of their patent, they could not collaterally challenge the district court's judgment and seek damages from the defendant's infringing customers.[26] Likewise, the Customer Defendants mistakenly cite *Shockley v. Arcan*, 248 F.3d 1349 (Fed. Cir. 2001), which stands for the proposition that a patent holder is entitled

---

[25] *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 852 (Fed. Cir. 2006).
[26] *Id.*

to a single full recovery from joint tortfeasors. That principle, however, does not address the present situation in which the Customer Defendants cause additional harm separate and apart from Docusign.

The Customer Defendants' argument that an injunction against Docusign operates as an injunction against them overlooks the fact that these lost customers are integral to RPost's claim for injunctive relief. For every electronic document sent by a Docusign customer for recipient signoff, during or after signoff, Docusign creates an account for the signing party to access the document or store the signed document for later retrieval.[27] Docusign and its customers infringing activities harm RPost not only monetarily, but also the lost goodwill from the ecosystem of recipients who automatically become Docusign customers by their use of the accused Docusign service.[28] Discovery of the Customer Defendants' use of the accused Docusign service is thus highly relevant to RPost's entitlement to an injunction. It will be substantially more efficient to conduct this discovery in this case as opposed to a separate action against the customers or through third-party subpoenas.

Further, the First Amended Complaint does not even assert infringement of the '219 patent against DocuSign, and as such, any injunction based on that patent cannot be applicable to all defendants, as incorrectly argued by the Customer Defendants. Additionally, the Customer Defendants do not offer any authority to support their injunction argument and as such it should be rejected.

**B.    Judicial economy and the interests of justice favor denying the motion.**

This Court's strong interest in promoting judicial economy weighs against severing and staying the claims against the Customer Defendants. The Court has already indicated that it is

---

[27] *See* Dkt. No. 21-1 (Declaration of Zafar Khan In Support of RPost's Surreply to Docusign's Motion to Sever and Stay) at ¶3.
[28] *Id.* at ¶4.

not "persuaded the interests of justice would be served by severance and stay of the Customer Defendants."[29] The Court is well versed and well equipped to handle multiple defendant cases. The Court does not benefit from severing and putting the suit against the Customer Defendants on hold indefinitely. Moreover, such a stay would unduly prejudice RPost because it has a strong interest in the timely enforcement of its patent rights.[30] And, as noted above, the Customer Defendants are integrally related to RPost's legal right to damages and injunctive relief. Any suggestion that RPost added the Customer Defendants to the action as a mere litigation tactic is simply unfounded.

Further, RPost sued all of the Customer Defendants on the same patents and accused the same Docusign service. The present case therefore, by definition, involves common issues of law and fact amongst the parties. As such, judicial economy and the interests of justice are best served by not severing and staying the claims against the Customer Defendants and instead allowing this case to proceed as one action.

## III. CONCLUSION

In conclusion, the Customer Defendants' Motion to Sever and Stay is virtually no different than Docusign's motion except that the present motion argues the three factors of the customer-suit exception. The Court, however, has already determined that the customer-suit exception is inapplicable because RPost has simultaneously sued Docusign and its customers in the same action. Even if the customer-suit exception applies, which it does not, the Customer Defendants cannot show that judicial economy and the interests of justice are best served by a severance and a stay. Not only have the Customer Defendants not made a definitive agreement to be bound by any decision in favor of RPost against Docusign, the Customer Defendants are

---

[29] Dkt. No. 67 at p.3.
[30] *RPost Holdings, Inc., et al., v. Readnotify.com Pty Ltd.*, 2012 U.S. Dist. LEXIS 90455, at *4 (E.D. Tex. June 29, 2012).

necessary for discovery and to accord RPost complete relief. Accordingly, for all of the reasons set forth above, the Court should adopt its previous holding and deny the Customer Defendants' motion in its entirety.

Respectfully Submitted,

Dated: October 25, 2013

/s/ Lewis E. Hudnell, III
Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

  I certify that all counsel parties of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 25th day of October, 2013.

                /s/ Lewis E. Hudnell, III