IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, RMAIL LIMITED, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:12-CV-00683-JRG |
| DOCUSIGN, INC., ET AL. | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Parties' Joint Motion to Sever and Stay Plaintiffs' Claims Against Customer Defendants ("the Motion"). (Dkt. No. 144). In the Motion, the Parties ask the Court to sever and stay the present case with respect to "Customer Defendants"[1]—all defendants except DocuSign, Inc. ("DocuSign"). (*Id.* at 1 n.1).

In the Motion, the Parties claim that the relationship between the Customer Defendants and DocuSign falls within the "customer-suit exception" as articulated in *In re Nintendo of America, Inc.*, 756 F.3d 1363 (Fed. Cir. 2014). (Dkt. No. 144 at 3). Accordingly, the Parties agree the Customer Defendants should be severed and the case should be stayed with respect to those defendants, and should proceed with respect to Defendant DocuSign. In order to effectuate the Parties' agreement, and in support of the Parties' request that the Court should sever and stay the case, the Parties make the following representations in the Motion:

---

[1] The "Customer Defendants" are Ariba, Inc.; BNY Mellon Rcc, LLC; CBRE, Inc. fka CB Richard Ellis Commercial Limited LLC; Century 21 Corp.; Century 21 Real Estate LLC; Coldwell Banker LLC; Coldwell Banker Real Estate LLC; Coldwell Banker Real Estate Services LLC; Coldwell Banker Residential Brokerage LLC; Coldwell Banker Residential Brokerage, Inc.; Comcast Corporation; Comcast Cable Communications, LLC; First Data Corp.; First Data Services LLC; Lending Tree LLC; The Lincoln National Life Insurance Company; Office Depot, Inc.; Re/Max, LLC; and Yum Brands, Inc.

- "The Parties agree to be bound by any decisions regarding infringement and validity regarding the asserted U.S. Patent Nos. 6182219, 8161104, 8209389 and 8224913 in the Case No 2:12-cv-683-JRG (the "DocuSign case"), including findings for Plaintiffs regarding infringement, validity and damages;"

- "For any written discovery requests (documents requests, interrogatories or requests for admissions) that Plaintiffs may seek regarding the Customer Defendants, RPost shall and must direct such discovery to DocuSign's counsel of record, who shall then, subject to any objection by either DocuSign or the relevant Customer Defendants, seek the information or documents from the relevant Customer Defendants to the extent such discovery is not duplicative of discovery obtained from DocuSign. Plaintiffs shall not directly subpoena or contact any of the Customer Defendants with respect to any discovery unless and until Plaintiffs have exhausted their efforts to obtain documents through DocuSign per the prior sentence. Each of the Customer Defendants has agreed, solely for the purpose of this action (and for no other lawsuit or proceeding of any kind), to be subject to this Court's jurisdiction relating to any discovery dispute pending the operation of the stay."

- "The Customer Defendants are indemnified by DocuSign with respect to Plaintiffs' claims."

- "The Parties agree that Plaintiffs may, subject to the conditions below, assert a theory, measure or amount of damages from the Customer Defendants in a second trial after a judgment of infringement and validity of the asserted patents against DocuSign in the first trial that is different from the theory, measure or amount of damages that Plaintiff sought against DocuSign in the first trial, and will not challenge infringement or validity of any asserted patents, provided that the damages theory, measure or amounts sought by Plaintiffs from the Customer Defendants in a second trial are (1) limited to those recoverable from the Customer Defendants; (2) the damages in the trial against DocuSign relate solely to DocuSign and do not include any Customer Defendants; (3) are not duplicative of any damages theories, measures or amounts Plaintiffs asserted, sought or obtained from DocuSign in the first trial; and (4) subject to any DocuSign or Customer Defendants legal, evidentiary or other objections to such damages theory, measure or amount;"[2]

(*Id.* at 2–3). The Court expressly relies on these stipulations as the basis for its decision in this Order. *See Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (citing *New*

---

[2] The Parties also agree that not to use this stipulation or case posture as a basis for seeking attorneys' fees under 35 U.S.C. 285, while reserving the right to seek fees on other bases. (Dkt. No. 144 at 3.)

*Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (noting that parties will be judicially estopped from contradicting representations made to—and relied upon by—a court).

The Court rejects application of the customer-suit exception because the exception only applies where there are *multiple* suits that involve the same allegations of infringement against a manufacturer and its down-stream customers. *See, e.g.*, *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *In re Nintendo of America, Inc.*, 756 F.3d 1363 (Fed. Cir. 2014). The exception does not apply to a *single* suit that encompasses both manufacturers and their customers. *See In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) ("But [movants] cite no appellate court case, and we are aware of none, that sets forth the proposition that a district court must stay proceedings against a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier. The appellate cases they cite all involve giving priority to supplier litigation over what already is or should be separate litigation with customers, thereby preventing parallel, active, duplicative proceedings"). However, in view of particular stipulations made by the Parties in the Motion, the Court exercises its discretion and finds that a severance and stay is appropriate.

Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**. Accordingly, the Court **ORDERS** that the Clerk shall open a new case number into which the claims against the Carrier Defendants shall be moved, leaving the claims against DocuSign in the present case. That new case shall be consolidated with this case such that **Case No. 2:12-CV-00683** shall be the **lead case**, and the new case shall be a **member case**. This **member case** is **ORDERED STAYED** pending a subsequent order of this Court. This Order does not stay the **lead case** pending as to Defendant DocuSign, which shall continue to proceed as described in the Court's Second Amended Docket Control Order (Dkt. No. 137).

**So ORDERED and SIGNED this 3rd day of May, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE